JAMES E. L. CARY agt. ELIAS LIVERMORE.

An affidavit for motion to change venue omitted to state that defendant had fully and fairly *stated his case* to his counsel, and omitted to state that his witnesses were *necessary*, also omitted to state that he had *fully and fairly disclosed to his said counsel *the facts which he expected to prove* [*171] by each and every of his said witnesses,* held, that the defects named were sufficient to deny the motion with costs, but without prejudice, to the end that the defendant's attorney might have a chance to try again.

---

Cary agt. Livermore.

---

*June Term,* 1846.

MOTION by defendant to change the venue.

It was objected by plaintiff's counsel, that the affidavit of defendant upon which the motion was founded was defective. The material part of the affidavit was then read as follows (after stating the cause of action, and where the venue was laid): "that this deponent has a good and substantial defence on the merits in this cause, as he is advised by his counsel, Abial Cook, of Norwich, in the county of Chenango, and verily believes to be true." (It then went on and stated where the cause of the action arose, and named the witnesses.) "And that each and every of the above named persons are material witnesses for this deponent to his defence of this cause, as he is likewise advised by counsel and verily believes, and without the testimony of each and every of the said named persons, he cannot safely proceed to the trial of this cause, as he is also advised by counsel and verily believes to be true." The affidavit then closed by stating when the declaration was served, and how far the witnesses resided from the court houses in the respective counties.

P. CAGGER, *defendant's counsel.*
GEO. M. SMITH, *defendant's attorney.*
J. H. COLLIER, *plaintiff's counsel.*
J. S. FROST, *plaintiff's attorney.*

Plaintiff's counsel insisted that the affidavit was defective, in not stating that defendant had *fully and fairly stated the case* to his counsel, and in not stating that his witnesses are *necessary,* and in not stating that he had *fully and fairly disclosed to his said counsel the facts which he expected to prove by each and every of his said witnesses,* &c.

JEWETT, Justice. Thought the counsel had mentioned defects enough; he would deny the motion with costs, *without prejudice,* and give the defendant's attorney a chance to try again.